352 F.2d 789
 Louis LESSER and Jeanne Lesser, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
William MALAT and Ethel Malat, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Craig Adolphe LESSER TRUST #2, et al., Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Cathy J. LESSER TRUST #2, et al., Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Therese Ann Lesser FORD TRUST #2, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Francine S. LESSER TRUST #2, et al., Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 19814-19819.
 United States Court of Appeals Ninth Circuit.
 November 9, 1965.
 Rehearing Denied December 6, 1965.
 
 George T. Altman, Beverly Hills, Cal., for petitioners.
 Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Mark S. Rothman, Anthony Z. Reisman, Dept. of Justice, Washington, D. C., for respondent.
 Before BARNES, HAMLEY and JERTBERG, Circuit Judges.
 BARNES, Circuit Judge:
 
 
 1
 Petitioners appeal from a decision of the Tax Court, raising two issues: (1) the year of deductibility of a certain bad debt loss; and (2) the amount of a depreciation deduction allowable.
 
 
 2
 We have examined the opinion of the Tax Court, the arguments of counsel, and the testimony and exhibits of record which they have seen fit to reproduce for our benefit. We have found of particular relevance (1) the testimony of Mr. Mounce, who audited taxpayers' books and expressed the opinion that there was no duplication, (2) the testimony of Mr. Mattis, revenue agent who testified that Sol Eisenberg, the accountant who had prepared taxpayers' returns had told him that there was a duplication, (3) the statement in the Tax Court's opinion (R. p. 26) quoting from a portion of taxpayers' brief below, which they have not seen fit to duplicate on this petition for review, to the effect that taxpayers admitted that a duplication had taken place, and (4) taxpayers' exhibit 38 (Respondent's brief, pp. 26-27) showing the debts to which the loan from Republic of November 1957 was applied. On the basis of this evidence we are unable to conclude that the determination of the Tax Court was clearly erroneous. The evidence is ample to support the Commissioner's position that the November 1957 loan covered $124,148.80 of the Bauer-Lesser loss guaranteed by taxpayers; that this amount was deducted in 1958, and that when a payment of $374,000.00 was subsequently made in 1959 and one-half of that amount was sought to be deducted as a Bauer debt loss it represented a duplication of one-half of the amount previously deducted in 1958.
 
 
 3
 The Tax Court found a forty-five year depreciable life on the Helipot Building, and refused to accept as valid a composite rate for the life of the building based on the useful lives of its various components, as proposed by petitioners. The Tax Court found: "The matter * * * is not susceptible of any precise mathematical solution." We agree. The only way that the composite method urged by taxpayers could have benefited them would be if the Tax Court accepted not only taxpayers' theory, but their figures as to the expected lives of the various components and the fractions of the total value of the building attributable to each. We cannot agree the action of the Tax Court in determining lives and proportions by its own formula was clearly erroneous.
 
 
 4
 We affirm the decision of the Tax Court for the reasons stated in the opinion of the Tax Court reported at 42 T.C. 688 (1964).